UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| G.W. WILLIAMS COMPANY, | No. 2:19-cv-00234-KJM-DB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JAZMA JEFFERSON, | |
| Defendant. | |

On February 7, 2019, defendant Jazma Jefferson, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Defendant also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot defendants' motion to proceed in forma pauperis.

When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when

1

the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot be based on an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants' notice of removal asserts the court has federal question jurisdiction under § 1331 "because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 2. Defendant alleges plaintiff's 3-day notice to pay rent or did not comply with California rules of civil procedure, *id.*, and indicated in his answer that "plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California." Answer, ECF No. 1 at 9.

Plaintiff's complaint asserts only an unlawful detainer claim, which is a matter of state law. *See* ECF No. 1 at 6-8 (complaint). Defendants' answer and potential counterclaims alleging violations of defendant's constitutional rights cannot provide this court federal question jurisdiction. *See Robinson v. Wall*, No. 218CV00885TLNCKD, 2018 WL 1756439, at *2 (E.D. Cal. Apr. 12, 2018) (remanding unlawful detainer action where removing "[d]efendants assert[ed] subject matter jurisdiction by alleging violations of the FHA and federal civil rights law" because "removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question . . .") (citations omitted). Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

/////

/////

/////

2

The court sua sponte finds that it lacks subject matter jurisdiction and REMANDS this case to Sacramento County Superior Court. Defendants' motion for in forma pauperis status is DENIED as MOOT.

IT IS SO ORDERED.

DATED: February 11, 2019.

_____
UNITED STATES DISTRICT JUDGE